ON APPLICATION FOR READMISSION.
JjPER CURIAM.
This proceeding arises out of an application for readmission filed by petitioner, Gregory N. Wampler, an attorney who is currently disbarred from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Petitioner was disbarred by this court on April 7, 1994, following his criminal convictions for improperly using client funds.[1] In re: Wampler, 94-0491 (La.4/7/94), 637 So.2d 92. Petitioner’s dis *728 barment was made retroactive to the date of his interim suspension on April 20, 1992. Petitioner subsequently filed an application for readmission to the practice of law, asserting that he has complied with the readmission criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) initially indicated that it would take no position concerning petitioner’s readmission, and accordingly, the matter was referred for a formal hearing before a hearing committee.
| aAfter considering the evidence presented, the hearing committee recommended that petitioner be conditionally readmitted to the practice of law for a period of five years, subject to the following conditions:
1. Petitioner must refrain from all use of alcohol and illegal drugs; refrain from abusing prescription and non-prescription medication; and refrain from engaging in any and all forms of gambling and gaming.
2. Petitioner must enter into a modified contract with the Lawyer’s Assistance Program to extend the life of his contractual obligation through that program for a period of five years commencing from the date his conditional readmission is approved by the Louisiana Supreme Court. Additionally, the terms of the contract shall include all of the usual and customary provisions as they pertain to monitoring for the use/ abuse of alcohol and illegal drugs, but shall also include a provision that monitors for any gambling/gaming activity.
3. At Petitioner’s cost, he shall be subject to random alcohol and drug testing te be conducted under the direction of the Lawyer’s Assistance Program.
4. A practice monitor shall be appointed through the Louisiana Attorney Disciplinary Board for the purpose of monitoring Petitioner’s law practice and shall include monitoring for compliance with trust account rules, accounting procedures, law office management procedures, adequate communications with clients, diligence in the representation of clients, and otherwise verifying compliance with the Rules of Professional Conduct.
5. A certified public accountant, selected by the practice monitor, shall be engaged at Petitioner’s cost to conduct an annual year-end audit of Petitioner’s trust account, operating account, and personal finances, to provide a documented basis for reassurance that he is in compliance with these terms and conditions of readmission.
6. Petitioner shall enroll in Ethics School as conducted and presented by the Louisiana State Bar Association’s Practice Assistance and Improvement Committee.
IN- Petitioner must not violate any Rules of Professional Conduct throughout the period of his conditional readmission.
8. Should a disciplinary complaint be lodged against Petitioner at any time during the period of his conditional readmission, he must promptly and fully cooperate with any investigation conducted by the Office of Disciplinary Counsel.
*729 9. Any violation of any single term or condition of this conditional readmission to the practice of law shall result in a motion to revoke Petitioner’s conditional readmission with an expedited hearing to be conducted by the Disciplinary Board in a summary fashion as directed by the Disciplinary Board.
Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
Thereafter, the disciplinary board adopted the factual findings of the hearing committee, and agreed that petitioner proved by clear and convincing evidence that he satisfies the criteria for readmission. Accordingly, the board recommended to this court that petitioner be readmitted to the practice of law, subject to a five-year period of probation and the conditions recommended by the committee.
Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
After considering the record in its entirety, we agree that petitioner has met the criteria for readmission set forth in Supreme Court Rule XIX, § 24(E). In particular, we find the record demonstrates petitioner has completed the payment of all restitution owed to his former clients and the bar association’s Client Protection Fund. We further note Elton Maxwell, the client from whom petitioner misappropriated $125,000 and who previously opposed his application for readmission, now^^acknowledges that petitioner repaid him in full and he therefore had no reason to oppose the application.
Accordingly, we will accept the disciplinary board’s recommendation and order that petitioner be conditionally readmitted to the practice of law in Louisiana, subject to a probationary period of five years and the conditions recommended by the-hearing committee. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Gregory N. Wampler be readmitted to the practice of law in Louisiana. For a period of five years from finality of this judgment, petitioner’s readmission shall be governed by and subject to the conditions set forth in the recommendation of the hearing committee. Should petitioner fail to comply with the conditions of his probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement. All costs of these proceedings are assessed against petitioner.

. In May 1992, petitioner pleaded guilty in the U.S. District Court for the Western District of Louisiana to two counts of securities fraud, a violation of 18 U.S.C. § 513(a), for counterfeiting two certificates of deposit totaling $125,000 and presenting them to his client, Elton E. Maxwell, as an "investment” of Mr. Maxwell's funds. Petitioner was sentenced to serve twenty-one months in the federal prison camp at Fort Bliss, El Paso, Texas. He was also fined $5,000 and ordered to make full restitution to Mr. Maxwell. Peti *728 tioner served his sentence and was discharged from federal custody on February 20, 1994.
In August 1992, petitioner pleaded guilty in the 35th Judicial District Court for the Parish of Grant to five counts of felony unauthorized use of a movable, a violation of La. R.S. 14:68, in connection with the misappropriation of approximately $97,500 belonging to five clients. Petitioner was sentenced to eighteen months in prison, to run concurrently with the federal sentence, and fined $5,000; he was also ordered to make full restitution to the five clients.